SULTANA OIL CORPORATION, A DELAWARE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 90078, 90079.   Promulgated December 20, 1939.

*Eugene 'P. Locke, Esq.*, for the petitioner.
*William A. Schmitt, Esq.*, for the respondent.

OPINION.

BLACK: Docket No. 90078 involves a deficiency of $2,045.88 in income tax determined by the Commissioner against the petitioner for the year 1934. Part of the deficiency is not contested and has been paid. The remainder is contested by appropriate assignments of error.

Docket No. 90079 involves a deficiency in income tax of $6,851.59 determined against the petitioner as transferee of Sultana Oil Corporation of Louisiana, a dissolved corporation. Part of this deficiency the petitioner does not contest and has paid. The remainder is contested by appropriate assignments of error.

The proceedings have been consolidated and have been submitted upon a stipulation of facts. We adopt the stipulation of facts as our findings of fact and will state only such parts of the facts as seem necessary to an understanding of the issues which are submitted to us for decision.

The petitioner (in both cases, No. 90078 and No. 90079) is a Delaware corporation. It began to transact business on December 1, 1934, and transacted business during the month of December 1934 and during the year 1935 in the State of Louisiana, having its principal office at Shreveport. The Sultana Oil Corporation, a Louisiana corporation, engaged in business in that state prior to December 1, 1934, and as of November 30, 1934, transferred its assets to petitioner and was dissolved. Docket No. 90078 involves the income tax liability of petitioner for the short tax period beginning December 1, 1934 and ending December 31, 1934. Docket No. 90079 involves the income tax liability of petitioner as transferee of the assets of the said Louisiana corporation for the tax periods ended July 31, 1934, and July 31, 1935 (the latter period, however, actually ending on dissolution of the Louisiana corporation on November 30, 1934). The petitioner admits liability under the applicable revenue acts as transferee of the assets of the Louisiana corporation for all amounts which shall be finally determined to be due and owing within the said two tax periods ended July 31, 1934, and July 31, 1935, respectively.

We shall first take up and decide the issues involved in Docket No. 90078, income tax liability of the Sultana Oil Corporation of Delaware for the period beginning December 1, 1934, and ending December 31, 1934. In order that we may have a clear understanding of the issues

# 1198

to be decided in that docket the parties have stipulated the following facts:

During the month of December, 1934, and the year 1935, petitioner was engaged in the business of operating and developing oil lands, the drilling of wells and the production of oil generally, as was its predecessor corporation, Sultana Oil Corporation of Louisiana. For the period ended December 31, 1934, the petitioner expended for what is commonly known as intangible drilling and development costs (wages, fuel, supplies, etc.) the sum of $9,438.46. The petitioner elected prior to making its return for the tax period in question, in accordance with Treasury Department regulations, to treat such intangible drilling and development costs as expense deductible within the year in lieu of capitalizing the same. In computing petitioner's net income for the period ended December 31, 1934, the above mentioned sum of $9,438.46, representing intangible drilling and development costs was deducted from the gross income of the petitioner as an expense, and such deduction has been allowed by respondent in computing petitioner's income.

During the period ended December 31, 1934, the gross income of the petitioner from oil wells was $31,623.85. The net income before deduction of said sum of $9,438.46 representing intangible drilling and development costs, was $24,317.57. 50% of said amount is $12,158.78. 27½% of said gross income is $8,696.55. In computing petitioner's net income for the period ended December 31, 1934, the above mentioned sum of $8,696.55 was deducted from gross income as allowance for percentage depletion under Section 114 (b) (3) of the Revenue Act of 1934. Respondent has disallowed such deduction. The difference between the respondent and petitioner in computation of net taxable income for the mentioned period is $8,696.55 and is attributable to the claim of respondent that if the said sum of $9,438.46 representing intangible drilling and development costs is to be deducted from income as expense, then no allowance is to be permitted for percentage depletion under said Section 114 (b) (3). If said sum of $9,438.46 representing intangible drilling and development costs is deducted from gross income in arriving at the 50% of net income limitation on percentage depletion provided by said Section 114 (b) (3), then 50% of net income is $7,439.55 and this figure, instead of the said figure of $8,696.55, would be the correct amount for percentage depletion allowance. The only issues involved in the proceeding for the said tax period are (1) whether the Commissioner erred in failing to allow percentage depletion under Section 114(b) (3), and (2) if he did, whether the said amount of $9,438.46 representing intangible drilling and development costs is deductible from gross income in arriving at the 50% of net income limitation on percentage depletion under said Section 114 (b) (3).

As to issue (1) above we hold that the Commissioner erred in failing to allow petitioner any percentage depletion at all. He seems to have acted upon the assumption in this instance that when once he had allowed petitioner a deduction for intangible drilling costs in determining petitioner's net income, then no percentage depletion was allowable at all. The respondent's action in this respect finds no support in the decided cases and, in so far as we can see, finds no support in his own regulations.

Article 23 (m)—16 of Regulations 86 provides that all expenditures for wages, fuel, repairs, supplies, etc., incident to and necessary

for the drilling of wells and the preparation of wells for the production of oil or gas, may at the option of the taxpayer, be deducted from gross income as an expense or charged to capital account.

The facts in the instant case disclose that petitioner has elected to deduct these intangible development costs as an expense and not capitalize them. This it had the right to do under the above cited regulation. The taking of this deduction does not deprive petitioner of the right to percentage depletion.

Article 23 (m)—4 of Regulations 86 provides for "Computation of depletion based on a percentage of income in the case of oil and gas wells." This article cites article 23 (m)-1 (h) of Regulations 86, which requires that, in determining net income from the property for the purpose of applying the 50 percent limitation applicable to percentage depletion, gross income shall be reduced by, among other things "overhead and operating expenses, development costs properly charged to expense, * * * etc."

Petitioner at the hearing contended that this latter provision of the regulation was invalid and that petitioner was entitled to have percentage depletion without the $9,438.46 expended for intangible drilling and development costs being deducted from gross income in arriving at the 50 percent of net income limitation on percentage depletion under section 114 (b) (3).

Petitioner relies upon *Wilshire Oil Co.*, 35 B. T. A. 450; affd. (C. C. A., 9th Cir.), 95 Fed. (2d) 971. Since the instant case was submitted the Supreme Court of the United States has reversed the *Wilshire Oil Co.* case and has held that for the purpose of limitation on percentage depletion to 50 percent of net income from oil property, such net income must be reduced by development expenditures deducted in computing taxable net income. See *Helvering* v. *Wilshire Oil Co.*, 308 U. S. 90. Therefore we hold (1) that the Commissioner erred in failing to allow petitioner a deduction for percentage depletion under section 114 (b) (3), and (2) that in accordance with the Supreme Court's decision in the *Wilshire Oil Co.* case, the $9,438.46, representing intangible drilling and development costs is deductible from gross income in arriving at the 50 percent of net income limitation on percentage depletion under section 114 (b) (3).

*Sultana Oil Corporation of Louisiana, Fiscal Year Ended July 31, 1934.*

We shall next consider the tax liability of the Sultana Oil Corporation of Louisiana for the fiscal year ended July 31, 1934. In order that we may clearly decide the issues presented for this period, the parties have stipulated as follows:

For the taxable period ended July 31, 1934, the Sultana Oil Corporation of Louisiana (transferor) expended for what is commonly known as intangible

drilling and development costs the sum of $17,736.84. The taxpayer (Louisiana corporation, transferor) elected prior to making its return for the tax period in question, in accordance with Treasury Department regulations, to treat such intangible drilling and development costs as expense deductible within the year in lieu of capitalizing the same. In computing said corporation's net income for the period ended July 31, 1934, the above mentioned sum of $17,736.84 representing intangible drilling and development costs was deducted from gross income of the taxpayer as an expense. But said deduction has been disallowed by respondent in computing that taxpayer's net income.

During the period ended July 31, 1934, the gross income of that taxpayer from oil wells was $72,924.25. The net income before deduction of said sum of $17,736.84 representing intangible drilling and development costs was $55,710.51. 50% of said amount is $27,855.25. 27½% of said gross income is $20,054.16. In computing said corporation's net taxable income for the period ended July 31, 1934, the above mentioned sum of $20,054.16 was deducted as allowable depletion under Section 114 (b) (3) of the Revenue Act of 1932, and said deduction has been allowed by respondent in computing the taxpayer's net income. The difference between respondent and petitioner in computation of net taxable income for the period ended July 31, 1934, is $17,736.84, representing intangible drilling and development costs, and is attributable to the claim of respondent that such intangible drilling and development costs are not duductible from income if allowance of said sum of $20,054.16 is permitted for depletion under said Section 114 (b) (3). If the said sum of $17,736.84 representing intangible drilling and development costs is deducted from gross income in arriving at the 50% of net income limitation on percentage depletion provided by said Section 114 (b) (3) then 50% of net income is $18,736.84 and this figure, instead of the said figure of $20,054.16, would be the correct amount for percentage depletion allowance. The only issues involved in the proceeding for the said tax period are (1) whether the Commissioner erred in failing to allow deduction of intangible drilling and development costs from gross income and (2) if he did, whether the said amount of $17,736.84 representing intangible drilling and development costs is deductible from gross income in arriving at the 50% of net income limitation on percentage depletion under said Section 114 (b) (3).

For reasons stated in our discussion of the tax liability of the Sultana Oil Corporation of Delaware, above, we hold (1) that the Commissioner erred in failing to allow deduction of intangible drilling and development costs of $17,736.84 from gross income; and (2) that the said amount of $17,736.84 representing intangible drilling and development costs is deductible from gross income in arriving at the 50 percent of net income limitation on percentage depletion under said section 114 (b) (3).

*Sultana Oil Corporation of Louisiana, Fiscal Year Ended July 31, 1935.*

In order that we may have an understanding of the issues to be decided in determining the income tax liability of the Sultana Oil Corporation of Louisiana for the fiscal year ended July 31, 1935, the parties have stipulated as follows:

For the taxable period ended July 31, 1935, Sultana Oil Corporation of Louisiana (transferor) expended for what is commonly known as intangible drilling

and development costs the sum of $26,083.42. The taxpayer (Louisiana corporation, transferor) elected prior to making its return for the tax period in question, in accordance with Treasury Department regulations, to treat such intangible drilling and development costs as expense deductible within the year in lieu of capitalizing same. In computing said corporation's net income for the period ended July 31, 1935, the above mentioned sum of $26,083.42 representing intangible drilling and development costs, was deducted from gross income of the taxpayer as an expense, and said deduction has been allowed by respondent in computing that taxpayer's net income.

During the period ended July 31, 1935, the gross income of that taxpayer from oil wells was $49,542.90. The net income before deduction of said sum of $26,083.42 representing intangible drilling and development costs, was $39,314.58. 50% of said amount is $19,657.29. 27½% of said gross income is $13,624.29. In computing said corporation's net income for the period ended July 31, 1935, the above mentioned sum of $13,624.29 was deducted from gross income as allowance for percentage depletion under Section 114 (b) (3) of the Revenue Act of 1934. Respondent has disallowed such deduction. The difference between petitioner and respondent in computation of net taxable income for the above mentioned period is $13,624.29 and is attributable to the claim of respondent that no percentage depletion allowance under Section 114 (b) (3) is to be permitted if deduction for intangible drilling and development costs is permitted. If said sum of $26,083.42 representing intangible drilling and development costs is deducted from gross income in arriving at the 50% of net income limitation on percentage depletion provided by said Section 114 (b) (3) then 50% of net income is $6,615.58, and this figure, instead of the said figure of $13,624.29, would be the correct amount for percentage depletion allowance. The only issues involved in the proceeding for said tax period are (1) whether the Commissioner erred in failing to allow percentage depletion under Section 114 (b) (3), and (2) if he did, whether the said amount of $26,083.42 representing intangible drilling and development costs is deductible from gross income in arriving at the 50% of net income limitation on percentage depletion under said Section 114 (b) (3).

For the reasons stated in our discussion under the Sultana Oil Corporation of Delaware, above, we hold (1) that the Commissioner erred in failing to allow percentage depletion under section 114 (b) (3); and (2) that the said sum of $26,083.42 representing intangible drilling and development costs is deductible from gross income in arriving at the 50 percent of net income limitation on percentage depletion under said section 114 (b) (3).

*Decision will be entered under Rule 50.*